IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RAPPSODI R. ALI,**
        **Plaintiff,**

vs.                                Case No. 3:05cv464/MCR/MD

**JAMES V. CROSBY, et al.,**
        **Defendants.**
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action in the United States District Court for the Middle District of Florida by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Plaintiff also filed an application to proceed *in forma pauperis* (doc. 2), a Motion for Copying Service (doc. 3) and a Motion to Correct and Compel (doc. 5).[1] The Middle District transferred the case to this court on November 21, 2005 (doc. 8). For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* will be granted.

Plaintiff is currently incarcerated at Florida State Prison. His claims concern the conditions of his confinement at three separate correctional institutions: Hamilton Correctional Institution, Santa Rosa Correctional Institution, and Central Florida Reception Center.

---

[1] **Plaintiff's Motion to Correct and Compel (doc. 5) requests the following relief:** (1) that the complaint be corrected to add another defendant, (2) that the court's records be corrected to reflect plaintiff's change of address and (3) that corrections officials be ordered to provide plaintiff with service copies of his complaint.

**Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the undersigned concludes this case should be dismissed as malicious.**

**On pages five and six of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case." Plaintiff responded: "N/A." (Doc. 1, p. 6). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing is true and correct." (*Id.*, p. 10). Thus, plaintiff has in effect stated that he has initiated no lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim.**

**This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]**

---

[2]**Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).**

[3]**"[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."**

*Case No: 3:05cv464/MCR/MD*

Upon review of the file the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated at least two other civil actions in federal court that were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The case of *Ali v. Jordan*, case number 1:01cv2193, was a civil rights case filed in the Middle District on May 29, 2001 while plaintiff was confined at the Dade County Stockade. The case was dismissed on July 25, 2001 for failure to state a claim. The case of *Ali v. Spears*, case number 1:01cv3101, was a civil rights case filed in the Middle District on July 17, 2001. It was dismissed on September 7, 2001 for failure to state a claim. Plaintiff disclosed neither of these cases in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is ORDERED:

---

*Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

**Plaintiff's motion to proceed** *in forma pauperis* **(doc. 2) is GRANTED for the limited purpose of dismissing this action.**

And it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of December, 2005.

/s/ *Miles Davis*
  **MILES DAVIS
  UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**